ORDER
The slip opinion filed on June 20, 1997, is amended as follows:
1'. Add at slip opinion page 7178, end of the first full paragraph [116 F.3d at 1300, right column, end of continuation paragraph], the following footnote:
In her petition for rehearing, Mrs. Astaire argues that we have improperly decided the case on a ground neither raised below nor briefed in this court. This argument is plainly incorrect. The record below discloses that Best raised § 990(n) as a defense; Best’s arguments were quickly and summarily rejected by the district court. See Appellant’s Excerpt of Record .at 5, 65, 93. Moreover, Best’s opening brief to this court prominently featured the § 990(n) argument. See Appellant’s Opening Brief at 7-11.
We admit that our interpretation of § 990(n) was not offered by any of the parties. But that does not make it improper or any less correct. This court can interpret a statute de novo on appeal; it is not required merely to choose between the opposing interpretations offered by the parties.
2. On slip op. p. 7180 [116 F.3d at 1301, left column, continuation paragraph], change “that limitation is also limited” to “that limitation is itself limited.”
3. On slip op. p. 7182-83 [116 F.3d at 1302, left column, last paragraph], remove the last paragraph on page 7182 and replace it with the following:
Under Mrs. Astaire’s proposed interpretation, § 990(n)(l) “exempts certain non-advertising uses from liability, and § 990(n)(4) exempts advertisements for those non-advertising uses.” Petition for Rehearing at 9. This interpretation is contrary to the language of § 990(n)(l), which clearly includes as exempt certain advertising uses — those exempt under § 990(n)(4). Mrs. Astaire tries to convince us to ignore the final words of § 990(n)(l). We cannot.
Mrs. Astaire herself notes that “if a statute is amenable to two alternative interpretations, the one that leads to the more reasonable result will be followed.” Lungren v. Deukmejian, 45 Cal.3d 727, 248 Cal.Rptr. 115, 120-21, 755 P.2d 299, 304 (1988). However, we cannot consider *1209 her interpretation, which ignores the language in § 990(n)(l), to be the more reasonable. She wishes us to hold that the clips of Astaire dancing at the start of the video are not connected to the content of the learn-to-dance video and, therefore, are merely an advertisement for the video. She contends then that the advertisement is a distinct entity analytically, separate from the video. Thus, under her' interpretation, there would be no “use” of Astaire’s persona in the video itself that would fall under § 990(n)(l). Even assuming for the sake of argument that the clips are only an advertisement, we do not think it is reasonable to conclude that the video itself did not contain the film clips. The Astaire film clips are clearly part of the video. In addition, even if we were to consider the rest of the video separately, there was use of Astaire’s persona within it, since his name and stills from his movies were prominently displayed.
Mrs. Astaire raises the spectre of a “draconian” destruction of “legitimate publicity rights” under our interpretation of § 990, suggesting that a celebrity’s name and photograph could now be used freely to advertise any film, however unconnected to the celebrity. That is not so. Our holding in this case is narrow and driven by the unusual facts that Astaire had licensed the use of his name to the dance studios and that the film clips of Astaire dancing, clips which were in the public domain, were used in a how-to-dance video. The absurdity Mrs. Astaire claims will arise from our interpretation would in reality arise from hers. She is asking courts to make a content-based decision every time a filmmaker of author uses the name or image of a celebrity: “Is this use of his name related to the content of this book, or is it merely advertising used to ■ call attention to the book?” Not only would this create great uncertainty in the law, but there is no suggestion within § 990 or its legislative history that the California state legislature intended such an inquiry.
SO ORDERED.